# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ROBERT BAKER                                                                                            PLAINTIFF

v.                                      3:15CV00338-BRW-JJV

DOES; *et al.*                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Robert Baker ("Plaintiff") filed this action *pro se* and under 42 U.S.C. § 1983. (Doc. Nos. 2, 8.)[1] I determined Plaintiff's initial Complaint (Doc. No. 2) to be deficient insofar as it stated multiple unrelated claims and failed to allege misconduct against any specific defendants. (Doc. No. 4 at 2.) Plaintiff has since filed an Amended Complaint (Doc. No. 8) and I will screen his claims[2] based solely on the allegations stated therein. *In Re: Atlas Van Lines*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citation omitted) ("It is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").[3]

After review of Plaintiff's allegations, I conclude he has failed to state any claim upon which relief may be granted. He lists four Defendants - Zachary Crocker, Jacob White, Michael Flannigan, and Cagle, but never adequately explains how any of these individuals violated his rights. Instead, his Statement of Claim joins several unrelated allegations, namely that: (1) he has been denied

---

[1] Plaintiff originally brought this action jointly with William Parker. Mr. Parker's claims have been severed and he has been terminated as a party to this action. (Doc. No. 14.)

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

[3] An additional Amended Complaint (Doc. No. 13) was filed by Mr. Parker. The claims therein pertained exclusively to Mr. Parker and will not be considered in screening Plaintiff's allegations.

hygiene products and the opportunity to shower; (2) his nutrition has been inadequate; (3) mail has been withheld from him; (4) he has been denied access to the prison grievance system; (5) unnamed 'trustees' have been allowed to physically assault him; and (6) he suffers from several medical issues which have not been treated.  (Doc. No. 8 at 4-5.)  He vaguely asserts that "everything above is what the defendants is doing to me."  (*Id*. at 4.)  This is insufficient.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

Plaintiff will have a final opportunity to clarify his allegations in his objections to this recommendation.  If he elects to do so, he should explain how each of the named Defendants was **personally involved in the alleged violations of his rights**.  Doing so will require an articulation of what actions each Defendant allegedly took or failed to take.  He should also narrow his claims to those which arise from a single transaction or occurrence.  *See* Fed. R. Civ. P. 20(a)(2).  As it stands, there does not appear to be any relation between the six disparate claims he has brought.

IT IS THEREFORE RECOMMENDED that:

1.This action be DISMISSED without prejudice due to Plaintiff's failure to state a claim upon which relief may be granted.

2.Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

3.The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[4] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Dated this 19th day of November, 2015.

                                                    _____
                                                    JOE J. VOLPE
                                                    UNITED STATES MAGISTRATE JUDGE